IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROLAND DUNN AND<br>MARY DUNN<br>**Plaintiffs**<br><br>vs.<br><br>D. GRAHAM TRANSPORT, INC. and<br>GARY KEITH JOHNSON<br>         **Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:17-CV-00274<br>JURY |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME, ROLAND DUNN and MARY DUNN, Plaintiffs, and file this their Original Complaint against D. GRAHAM TRANSPORT, INC. and GARY KEITH JOHNSON, Defendants, and for just cause would respectfully show the Court the following:

### NATURE OF THE CASE

1. This action arises as a result of an automobile accident which injured ROLAND DUNN and MARY DUNN on or about June 8, 2015.

### PARTIES

2. ROLAND DUNN is an individual who resides in the State of Texas.

3. MARY DUNN is an individual who resides in the State of Texas.

4. D. GRAHAM TRANSPORT, INC. is a domestic profit corporation organized in the State of Michigan and may be served by sending a copy of the summons and complaint by certified mail, return receipt requested to its registered agent, Donald Graham, W3682 US 2 & 41, Spalding, Michigan 49886.

5. GARY KEITH JOHNSON is an individual who resides at 210 S. 9th Street, Escanaba, Michigan 49829 and may be served with the summons and complaint at this address.

## JURISDICTION AND VENUE

6. Jurisdiction in this case is proper in this Court pursuant to 28 U.S.C. § 1332(a) as this case is between citizens of different states and the amount in controversy exceeds $75,000.00.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a), because the wrongful act or omission of the Defendants occurred within this Judicial District.

## FACTUAL BACKGROUND

8. On or about June 8, 2015, Plaintiffs were traveling in a 2006 Cadillac SRX northbound on Highway 59 in Cass County, Texas. Defendant GARY KEITH JOHNSON was driving a 2013 Western Star tractor trailer owned by Defendant D. GRAHAM TRANSPORT, INC. in the course and scope of his employment with Defendant D. GRAHAM TRANSPORT, INC. northbound on Highway 59 and following behind Plaintiffs. Suddenly and without warning, Defendant GARY KEITH JOHNSON failed to control the speed of the 2013 Western Star tractor trailer, striking the rear of Plaintiffs' vehicle, subjecting Plaintiffs to tremendous force.

9. At the time of the occurrence, Defendant GARY KEITH JOHNSON was in the course and scope of his employment with Defendant D. GRAHAM TRANSPORT, INC.

## NEGLIGENCE AND NEGLIGENCE PER SE

10. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

11. Defendant GARY KEITH JOHNSON was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

   A. Violating Section 545.060 of Vernon's Texas Statutes and Codes, Annotated, Transportation Code, which reads in pertinent part:

   (i) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

   B. Failing to keep a proper lookout;
   C. Failing to timely apply his brakes.
   D. Failing to control the vehicle.
   E. Failing to act and/or respond in a reasonable manner.
   F. Failing to control the speed of the vehicle.

12. The foregoing acts of negligence and negligence per se by GARY KEITH JOHNSON, acting singularly or in combination, were a proximate cause of the incident and the resulting damages to the Plaintiffs.

13. At the time and on the occasion in question, and immediately prior thereto, Defendant D. GRAHAM TRANSPORT, INC. committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiffs.

14. The independent acts of negligence of Defendant D. GRAHAM TRANSPORT, INC., include but are not limited to, the following:

   A. Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

    B.     Hiring and retaining an unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unlicensed, incompetent and/or reckless; and

    C.     Failing to properly train its driver.

15. Each of the foregoing acts of negligence was a proximate cause of the collision in question and the injuries and damages of Plaintiffs.

### RESPONDEAT SUPERIOR

16. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporate the same where relevant.

17. Defendant D. GRAHAM TRANSPORT, INC. is liable for the damages proximately caused to Plaintiffs by the conduct of Defendant GARY KEITH JOHNSON in that Defendant D. GRAHAM TRANSPORT, INC. was the employer of Defendant GARY KEITH JOHNSON on the date that Defendant GARY KEITH JOHNSON negligently injured Plaintiffs, as alleged above, and Defendant GARY KEITH JOHNSON was acting within the course and scope of that employment when that injury occurred or Defendant D. GRAHAM TRANSPORT, INC. had the right to control the activities of GARY KEITH JOHNSON.

### NEGLIGENT ENTRUSTMENT

18. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporate the same where relevant.

19. At the time and on the occasion in question, and immediately prior thereto, Defendant D. GRAHAM TRANSPORT, INC. was guilty of negligent entrustment and knew or should have known that Defendant GARY KEITH JOHNSON was a negligent and reckless driver.

## NEGLIGENT UNDERTAKING

20. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporate the same where relevant.

21. Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiffs' protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiffs relied on Defendants' performance, and Defendants' performance increased Plaintiffs' risk of harm.

## DAMAGES TO PLAINTIFFS

22. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporate the same where relevant.

23. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiffs were caused to suffer and to endure anxiety, pain, and illness. Consequently, Plaintiffs are entitled to the following items of damages:

    A. Reasonable and necessary medical care and expenses in the past;

    B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

    C. Physical pain and suffering in the past;

    D. Physical pain and suffering which, in reasonable probability, will be incurred in the future;

    E. Mental anguish in the past;

    F.    Mental anguish which, in reasonable probability, will be incurred in the future;

    G.    Physical impairment in the past;

    H.    Physical impairment which, in reasonable probability, will be suffered in the future;

    I.    Physical disfigurement in the past;

    J.    Physical disfigurement which, in reasonable probability, will be suffered in the future;

    K.    Loss of earning capacity in the past; and

    L.    Loss of earning capacity which, in reasonable probability, will be incurred in the future.

## GROSS NEGLIGENCE

24. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporate the same where relevant.

25. Defendants committed willful acts or omissions of gross negligence that were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs, and for which Plaintiffs are entitled to recover punitive damages.

## JURY DEMAND

26. Plaintiffs request a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein and that, upon final trial, Plaintiffs recover the following:

    A.    Actual damages;

    B.    Post-judgment interest as allowed by Federal law;

    C.    Court costs, fees and other expenses; and

D.  Other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

**GOUDARZI & YOUNG, L.L.P.**
P.O. Drawer 910
Gilmer, Texas 75644
Telephone: (903) 843-2544
Facsimile: (903) 843-2026


By: /s/ Brent Goudarzi

Brent Goudarzi
Texas Bar No. 00798218
Marty Young
Texas Bar No. 24010502


goudarziyoung@goudarzi-young.com
ATTORNEYS FOR PLAINTIFFS